UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RASHAWN J. PRATT,
                              Plaintiff,

    -v.-
                                                 5: 09-CV-1278
BUFFALO WILD WINGS,                          (NAM)(ATB)
                              Defendant.

APPEARANCES:

RASHAWN J. PRATT
Plaintiff, *pro se*

ANDREW T. BAXTER, United Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, Chief United States District Judge pursuant to 28 U.S.C. § 636(b) and LOCAL RULES NDNY 72.3(c). This case was originally assigned to United States Magistrate Judge Gustave J. Di Bianco, and was re-assigned to me upon Magistrate Judge Di Bianco's retirement. (Dkt. No. 5).

**1.** *In Forma Pauperis*

    **A. Financial Eligibility**

Plaintiff filed this complaint on November 16, 2009, together with a motion to proceed *in forma pauperis* (IFP). (Dkt. Nos. 1, 2). On November 13, 2009, (three days prior to filing the complaint), plaintiff filed what has been docketed as a "Status Report." (Dkt. No. 3). This "Status Report" consists of an "untitled" letter, addressed to Magistrate Judge Di Bianco, complaining that since plaintiff accepted "the

settlement" in *Pratt v. Buffalo Wild Wings*, 5:09-CV-149 (NAM/GJD), "things" had gotten "a lot worse for [him]." (Dkt. No. 3). The letter then describes alleged incidents of continued harassment of both plaintiff and his wife by defendant's employees. *Id.* The letter ends by stating "please help me. [I]'m in fear of my life." *Id.*

On November 16, 2009, plaintiff filed a form-Civil Complaint pursuant to Title VII of the Civil Rights Act. (Dkt. No. 1). The complaint and the accompanying motion for IFP status were referred to Magistrate Judge Di Bianco for review. On December 3, 2009, Magistrate Judge Di Bianco denied IFP status because plaintiff did not properly complete the IFP form, and the court could not make a proper determination based upon plaintiff's "unclear and inconsistent" answers to the questions on the form. (Dkt. No. 4 at 2-3). Magistrate Judge Di Bianco denied the motion to proceed IFP without prejudice and ordered plaintiff to supply a properly completed form for the court to review. *Id.* at 3, 5. The order required plaintiff to supply the corrected form-motion by Monday, December 21, 2009. *Id.* at 5. As of today's date, plaintiff has not filed the required form, and he has therefore failed to meet the first criteria for proceeding IFP. The court could recommend dismissal without prejudice on this basis alone. However, this court will proceed to review the merits of the complaint.

**B. Complaint**

In his order, Magistrate Judge Di Bianco noted that in addition to determining whether the plaintiff meets the financial criteria to proceed IFP, the court must review the complaint itself, in light of 28 U.S.C. § 1915, which provides that the court ***shall***

***dismiss*** the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii). (Dkt. No. 4 at 3).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)(finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

3

In conducting his review, Magistrate Judge Di Bianco stated that this is plaintiff's second complaint against defendant Buffalo Wild Wings, and that plaintiff's first complaint alleged that defendant discriminated against plaintiff because of his race; suffered unequal terms and conditions of employment; suffered retaliation; and claimed that he was terminated improperly based on his race. *See Pratt v. Buffalo Wild Wings*, 5:09-CV-149 (*Pratt I*).  *Pratt I* was settled as the result of the Assisted Mediation Pilot Program (AMPP), and a stipulation of dismissal with prejudice was signed by all parties and endorsed by Chief Judge Norman A. Mordue. (Dkt. No. 36 in *Pratt I*, 5:09-CV-149).

Magistrate Judge Di Bianco found that in this complaint, plaintiff seemed to be attempting to claim that defendant's employees were still "harassing" him by coming to his home. *See* (Dkt. No. 4 citing Complaint at 3 (Dkt. No. 1)).  This new complaint lists two causes of action. *Id.*  The first cause of action simply states "Retaliation," and the second cause of action states that when plaintiff lists Buffalo Wild Wings as "job experience" on job applications, he does not get the job. Compl. at 3-4.  Attached to the complaint are statements from *other individuals* about employment issues that appear to be unrelated to plaintiff's alleged problems with defendant Buffalo Wild Wings.

One attachment is the statement of an individual named Christopher Morgan, who claims that since plaintiff "closed" the Buffalo Wild Wings case, *Morgan's* managers at "Coppertop" have been giving him the "cold shoulder." Compl. (attachment).  The second attachment to the complaint is an October 8, 2009 letter

4

from the New York State Division of Human Rights, written to plaintiff's wife, April Rivera, who was apparently claiming discrimination against McDonald's.[1]  Attached to the Division of Human Rights letter is April Rivera's October 23, 2009 statement, apparently complaining about the treatment she was receiving at McDonald's.[2]

Magistrate Di Bianco did not rule on the sufficiency of plaintiff's new complaint, except to state that "this court has some serious doubts about the viability of plaintiff's complaint." (Dkt. No. 4 at 5).  The court found it unnecessary to review the merits of the complaint because plaintiff had not properly asserted his financial eligibility for IFP status. *Id.*  This court will now turn to a discussion of the merits of the complaint under the applicable standard.

Plaintiff's complaint about retaliation is extremely vague.  The only claim that Buffalo Wild Wings employees are still "harassing" plaintiff states *only* that two employees "showed up in front of my house." Compl. at 3.  Plaintiff's "status" report states that one of the two individuals took plaintiff's telephone number, called him "two minutes later," thought he was someone else, made disparaging comments about plaintiff, and hung up when she realized that she had called him. (Dkt. No. 3).

Plaintiff also includes a claim that he is required to list his previous employment at Buffalo Wild Wings on job applications, and when he does, he does not get the job.

---

[1] Plaintiff's "status" letter seems to imply that his wife had problems at McDonald's due to complaints against her by a customer who happened to be an employee of Buffalo Wild Wings. (Dkt. No. 3).

[2] Although this statement refers to Ms. Rivera being suspended for a "bogus customer complaint," the statement contains no reference to plaintiff or to Buffalo Wild Wings.

Compl. at 4.  A plaintiff may maintain an action for retaliation by claiming that the company "blacklisted" plaintiff, refused to write a recommendation to prospective employers, or damaged the plaintiff's reputation. *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997)(citations omitted).  In order to state such a claim in the context of retaliation, the plaintiff must allege that he was engaged in a protected activity, the employer was aware of that activity, that there was an "adverse employment action," and that there existed a causal connection between the protected activity and the adverse employment action. *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir. 1990).

The spreading of negative information or references to a prospective employer is sufficient to constitute an "adverse employment action" in a retaliation case. *Memnon v. Clifford Chance US, LLP*, No. 08 Civ. 2874, 2009 U.S. Dist. LEXIS 99936, *20 (S.D.N.Y. Oct. 27, 2009)(citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 185 F.3d 155, 160[3] (2d Cir. 1999); *Hollander v. American Cyanamid Co.*, 895 F.2d at 85-86).  This court assumes that plaintiff is attempting to claim that Buffalo Wild Wings is somehow preventing plaintiff from obtaining work by giving him bad references in retaliation for his prior complaints of discrimination.  Plaintiff's claim in this regard is *completely* speculative and conclusory.  He specifies no job that he failed to obtain after listing Buffalo Wild Wings as a previous employer.  He states ***no basis*** for an assertion that a prospective employer checked with Buffalo Wild

---

[3] *Memnon* actually cites "*Sarno*, 183 F.3d at 155." However, page 155 is the first page of *Sarno*, and the page that contains the proposition that *Memnon* cites is at page 160 of *Sanrn*. This court has included the proper page in its citation.

6

Wings prior to declining to hire plaintiff.

Plaintiff does not even allege the retaliation in affirmative terms. He assumes that Buffalo Wild Wings is the cause of his inability to obtain unspecified employment because he listed Buffalo Wild Wings as a previous employer, and then did not get the job. As mentioned above, plaintiff does not set forth any job to which he is referring, nor does he state when he submitted these unspecified applications. With respect to the claim that Buffalo Wild Wings employees came to his home, there is no indication that the employees' actions were undertaken by the company or that there is an "adverse action" associated with this conduct.

Finally, the court notes that in order to bring a Title VII claim in federal court, the plaintiff must have exhausted his administrative remedies by filing a timely charge with the EEOC or an appropriate state or local agency with authority to grant relief. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82-83 (2d Cir. 2001)(quoting 42 U.S.C. § 2000e-5(e)). In this case, it is clear that plaintiff is attempting to rely upon his prior EEOC charge for exhaustion purposes. Compl. at 4. Although it is unclear when plaintiff claims that the incidents forming the basis of this complaint occurred, it is apparent that they occurred after the settlement of plaintiff's previous case. Thus, he could not have raised these specific claims in his previous EEOC charge.

Claims that were not asserted before the EEOC or appropriate state or local agency may be pursued in federal court if they are "'reasonably related to those that were filed with the agency.'" *Jute v. Hamilton Sunstrand Corp.*, 420 F.3d 166, 177 (2d Cir. 2005)(quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683,

686 (2d Cir. 2001)). Reasonably related conduct is conduct that could "'reasonably be expected to grow out of the charge that was made.'" *Id.* (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 358 (2d Cir. 2001)). The focus must be on the factual assertions made before the EEOC and upon whether those allegations would have given the EEOC adequate notice to investigate those claims. *Williams v. N.Y. City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). This "reasonably related" exception is intended to allow for "loose pleading." *Id.* (quoting *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003)(additional quotation and internal quotation marks omitted).

In this case, notwithstanding the liberality with which *pro se* complaints are treated, and allowing for "loose pleading," this court still finds no basis for a determination that the plaintiff's current retaliation claims are "reasonably related" to the charge that he originally made to the EEOC. While his charge apparently included "retaliation," there is no indication that the EEOC would have been investigating what Buffalo Wild Wings might say to future employers. Thus, it is questionable whether plaintiff has exhausted his administrative remedies with respect to any new claims of post-termination retaliation.

Based upon the above analysis, in addition to plaintiff's failure to re-submit a proper motion to proceed IFP in contravention of Magistrate Judge Di Bianco's order, the complaint cannot withstand dismissal based on a failure to state a claim.[4] Because plaintiff is *pro se*, however, this dismissal should be without prejudice to plaintiff

---

[4] The court notes that the stipulation of dismissal of plaintiff's first action was "with prejudice," and there is no settlement agreement filed. Thus, this court will not attempt to determine what effect, if any, the settlement might have on this attempt at a new action.

filing an amended complaint, together with a properly completed motion to proceed IFP as ordered by Magistrate Judge Di Bianco.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **DENIED** for failure to submit a properly completed motion, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE** for failure to properly move for IFP and pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN** (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: February 8, 2010

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge